UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. PEACHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:19-cv-01004-JPH-TAB |
| | ) |
| D. ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ENTRY GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Mr. Robert Peacher for a writ of habeas corpus challenges a prison disciplinary proceeding on January 24, 2019, identified as ISR 19-01-0089. For the reasons explained in this Entry, Mr. Peacher's habeas petition must be granted.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

1

### B.     The Disciplinary Proceeding

On January 11, 2019, Officer B. Richey wrote a conduct report charging Mr. Peacher with violating Code A-106. Dkt. 8-1. The conduct report stated:

> On the above date and approximate time shown [12:55 a.m.], while conducting a shakedown of JCH 8-6E belonging to Offender Peacher, Robert 881627, I, Ofc. B. Richey discovered a lock in a sock laying on Offender Peacher's bed.

*Id*.

On January 18, 2019, Mr. Peacher was notified of the charge. Dkt. 8-4. Mr. Peacher pleaded not guilty and did not request any physical evidence. Dkt. 8-4; dkt. 8-5. Mr. Peacher requested his therapist, Dr. Easter-Rose, as a lay advocate. Dkt. 8-4. That request was denied because Dr. Easter-Rose was "not a lay advocate." *Id*. Instead, Offender Earl Hogan was appointed as Mr. Peacher's lay advocate. Dkt. 8-6. Mr. Peacher also requested Dr. Easter-Rose as a witness to testify that staff members would retaliate against Mr. Peacher for unfavorable court rulings. Dkt. 8-4; dkt. 8-5.

A disciplinary hearing was held on January 24, 2019. Dkt. 8-8. Mr. Peacher provided a written statement which was presented at the disciplinary hearing. Dkt. 8-9. The hearing officer's report states that she found Mr. Peacher guilty of violating Code A-106 based on staff reports, Mr. Peacher's statement, and a photograph of the evidence. Dkt. 8-8. The hearing officer noted that Mr. Peacher admitted in his own written statement "to putting [the] lock & several other items into a sock." *Id*. Mr. Peacher's sanctions included the loss of 180 days of earned good-time credit, a credit class demotion, and the imposition of a suspended sanction from a previous disciplinary hearing.

Mr. Peacher filed appeals to the Facility Head and the Final Reviewing Authority. Dkt. 8-10; dkt. 8-12. Both appeals were denied. *Id*. Mr. Peacher then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Peacher contends that his due process rights were violated by: (1) a retaliatory conduct report; (2) an improper screening; (3) the denial of an impartial decision maker including the decision maker's denial of Mr. Peacher's request for a particular lay advocate, a witness, and evidence; and (4) insufficient evidence. Dkt. 2 at 3-6. Because the Court finds that Mr. Peacher was denied an impartial decision maker and grants the requested relief on that basis, the Court does not address Mr. Peacher's other grounds for relief.

### 1. Procedural Default

Mr. Peacher identified at least three separate alleged due process violations in ground three of his petition, perhaps understanding them all to flow from his claim that he was denied an impartial decisionmaker: "The petitioner's due process rights were violated by the Disciplinary Hearing Board (DHB) because Petitioner did not have an impartial decisionmaker at his DHB hearing when she denied Petitioner his lay advocate, witness, evidence, and made a decision prior to the hearing." Dkt. 2 at 5.

The respondent acknowledges that Mr. Peacher raised this ground for relief on appeal and exhausted his administrative remedies. Respondent argues that the Court should nonetheless dismiss ground three in its entirety as procedurally barred because Mr. Peacher did not exhaust the specific claims that he was denied a witness or evidence. Dkt. 8 at 9. But how a pro se litigant organizes his grounds for relief has no bearing on whether a claim has been procedurally defaulted by failure to exhaust it before filing his petition. A prisoner is not required to "articulate legal arguments with the precision of a lawyer—though even lawyers need not do much more than hint at a federal theory." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) (citation omitted).

The petition fairly put the respondent on notice of Mr. Peacher's grounds for relief, as evidenced by the respondent's return. Mr. Peacher exhausted his claim that he was denied an impartial decisionmaker and the organization of his petition does not change that. The respondent is correct that Mr. Peacher cannot overcome his alleged failure to exhaust the other grounds—that he was denied the opportunity to present a witness or evidence—by lumping these claims together with the claim that he was denied an impartial decisionmaker. But the Court need not address whether those claims were procedurally defaulted because Mr. Peacher is entitled to relief on the ground that he was denied an impartial decisionmaker.

### 2. Denial of an Impartial Decisionmaker

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666-67 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the Indiana Department of Correction. *Piggie*, 342 F.3d at 666.

The presumption of impartiality is overcome—and an inmate is deprived of an impartial decision-maker—when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Piggie I*, 342 F.3d at 667. But that's not the only way an inmate may show that the decisionmaker was not

4

impartial. *See Boyd v. Brown*, No. 2:15-cv-00006-JMS-MJD, 2016 WL 4440399, at *3 (S.D. Ind. Aug. 23, 2016) ("There is admittedly little appellate authority on other potential instances of bias in disciplinary cases, however, the determination of bias cannot only be restricted to questions dealing with direct involvement.").

Mr. Peacher attests that the disciplinary hearing officer "stated she had made her decision prior to the hearing and confirmed later petitioner was guilty no mater [sic] what." Dkt. 2 at 5. Due process includes the right to have a disciplinary violation charge heard by an impartial decision-maker. *Piggie v. Cotton (Piggie II)*, 344 F.3d at 674, 677 (7th Cir. 2003). Here, the evidence demonstrates that the hearing officer formed the conclusion that Mr. Peacher was guilty of the offense before the hearing took place. The hearing officer was therefore not impartial and Mr. Peacher was not afforded due process as required. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002) (recognizing that the "well settled" right to an impartial tribunal" can be violated by bias in prison disciplinary proceedings); *Kirby v. Superintendent*, No. 1:17-cv-2436-SEB-TAB, 2019 WL 251245 at *2 (7th Cir. Jan. 16, 2019) ("That assurance [of an impartial decisionmaker] is empty if the law permits the decision-maker to adjudge the prisoner guilty and begin implementing her sanctions before the hearing begins.").

Discounting Mr. Peacher's sworn statement, the respondent contends the evidence does not show that the hearing officer had decided Mr. Peacher's guilt before the hearing began: "There is no real evidence of bias, other than Peacher's allegations." Dkt. 8 at 12. But the respondent does not provide any contradictory evidence, so Mr. Peacher's version of events in his sworn statement is undisputed and the Court accepts it as true. *See Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006).

This claim is not subject to harmless error analysis. The Seventh Circuit has explained that it has found no authority to support the "position that allowing a biased tribunal to preside over a prison discipline hearing can be harmless error...." *Daher v. Vannatta*, 118 F. App'x. 981, 984 (7th Cir. 2004) (citing *Oswald v. Bertrand,* 374 F.3d 475, 482 (7th Cir. 2004) (explaining that in criminal context right to impartial tribunal is not subject to harmless error analysis); *Giano v. Sullivan,* 709 F. Supp. 1209, 1217–18 (S.D.N.Y. 1989)).

Because the undisputed evidence shows that Mr. Peacher was denied an impartial decision-maker, his is entitled to habeas relief on this ground.

### D. Conclusion

Mr. Peacher's petition for a writ of **habeas** corpus is granted. The disciplinary finding of guilt and the sanctions imposed in case ISR 19-01-0089 must be vacated and rescinded.

Judgment consistent with this Entry shall now issue.

**SO ORDERED**.

Date: 7/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

R. PEACHER
881627
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov